*Formatted for Electronic Distribution*                                              *Not For Publication*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

_____

In re:

    **JAMES F. REARDON,**                                   **Chapter 7 Case**
          **Debtor.**                              **# 05-10402**

_____

**JOHN R. CANNEY, III, as Chapter 7**
**Trustee for the Bankruptcy Estate of**
**James F. Reardon,**                                              **Adversary Proceeding**
          **Plaintiff,**                       **# 05-1049**

    **v.**

**WHITE RIVER PAPER COMPANY,**
          **Defendant.**

_____

| *Appearances:* | *John R. Canney, III, Esq.* | *Erin Miller Heins, Esq.* |
| --- | --- | --- |
| | *Chapter 7 Case Trustee* | *Langrock Sperry & Wool, LLP* |
| | *Rutland, Vt.* | *Burlington, Vt.* |
| | *For the Plaintiff* | *For the Defendant* |

Filed & Entered
On Docket
06/28/06

## MEMORANDUM OF DECISION
### DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT
### AND SETTING FINAL PRE-TRIAL CONFERENCE

Plaintiff John R. Canney, III, in his capacity as chapter 7 Trustee (the "Trustee") for the bankruptcy estate of James F. Reardon (the "Debtor"), initiated the instant adversary proceeding to recover the value of certain goods White River Paper Company (the "Defendant" and together with the Trustee, the "Parties") received from the Debtor during the 90 days prior to the Debtor's filing of this case. The Parties have filed cross motions for summary judgment seeking a determination as to whether the credit the Defendant issued to the Debtor within 90 days prior to his bankruptcy filing constitutes a preference pursuant to 11 U.S.C. § 547(b) and hence, entitles the Trustee to a judgment against the Defendant in the amount of the credit issued. The Defendant has raised two objections to the Trustee's prayer for relief, first, that the value of the credit is greater than the value of the subject reclaimed goods and second, that it is protected from application of the preference statute because the Debtor's surrender of merchandise and the Defendant's corresponding issuance of the credit memo reflect the ordinary course of business between the Parties.

Since the Court finds that there are material facts in dispute, it denies both motions for summary judgment and directs the parties to prepare for a final pre-trial conference and evidentiary hearing.

### JURISDICTION

The Court has jurisdiction over this adversary proceeding and the pending motion for summary judgment under 28 U.S.C. § 157(b)(2)(F).

### BACKGROUND FACTS

The pertinent facts surrounding the subject transfer are not in dispute.  The Debtor has done business as Black Diamond and, in that capacity, was a customer of the Defendant for about five years prior to filing this bankruptcy case.  Over the course of dealings between the Parties, the Defendant often accrued an outstanding balance and sometimes alternative payment arrangements were made to preserve the commercial relationship between the Parties.  As of January 17, 2005, the Debtor owed the Defendant $24,815.  On that date, pursuant to an agreement between the Parties, the Defendant picked up merchandise from the Debtor's warehouse and issued the Debtor a credit in the amount of $5,565.  The Debtor filed a chapter 7 petition on March 29, 2005, within 90 days after receiving the merchandise.

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  See FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056.  A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  The substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  See Anderson, 477 U.S. at 247. Factual disputes that are irrelevant or unnecessary are not material.  See id.  The court must view all the evidence in the light most favorable to the nonmoving party and draw all inferences in the nonmovant's favor.  See Cruden v. Bank of New York, 957 F.2d 961, 975 (2d Cir. 1992).  In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. See Anderson, 477 U.S. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004); Delaware & Hudson Ry. Co. v. Conrail, 902 F.2d 174, 178 (2d Cir. 1990), cert. denied, 500 U.S. 928 (1991).

### DISCUSSION

Section 547(b)(1) through (5) provides that the Trustee can avoid a transfer of property as a preference if the transfer is:

(1)     to or for the benefit of a creditor;
(2)     for or on account of an antecedent debt owed by the Debtor before such transfer was made;
(3)     made while the Debtor was insolvent;
(4)     made:
    (A)     on or within ninety days before the date of the filing of the petition; or
    (B)     between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5)   that enables such creditor to receive more than such creditor would receive if:

    (A)   the case was a case under Chapter 7 of this title;

    (B)   the transfer had not been made; and

    (C)   such creditor received payment of such debt to the extent provided by the provisions of this title.

There are no disputed factual issues with respect to the first four elements of §547(b).  The Defendant disputes that it received more value as a result of the reclamation of goods than it would have otherwise received under the distribution rules of Chapter 7.  The Trustee asserts that because the transfer "resulted in a dollar for dollar reduction amount owed Defendant" that he has established the elements under §547(b).  However, there is no summary judgment evidence before the Court to support this statement.  In particular, there is no evidence as to the value of the returned goods and there is a dispute over whether the credit the Defendant issued to the Debtor is equal to the value of the goods the Debtor surrendered to the Defendant.  Since these are material facts and are in dispute, summary judgment is not proper on the question of whether the subject transfer constitutes a preference under § 547..

Moreover, even if the Trustee can establish the requisite elements of a preference, the Defendant's asserted affirmative defenses may defeat the Trustee's effort to recover the value of either the goods or credit memo from the Defendant. The Defendant asserts that it is exempt from the harsh consequences of a preference action under the ordinary course of business defense.  This is an affirmative defense and the Defendant has the burden of establishing its elements.  See  In re First Software Corp., 107 BR 417, 424 (1st Cir. 1989).   The Court must consider the specific conduct between the Parties to make this determination.  See  Id.; In re Ice Cream Liquidation, Inc.,  2005 WL 976935 (Bankr. D. Conn. 2005); Swallen's Inv. v. Corken Steel Products Co., 266 BR 807, 813 (Bankr. S.D. Ohio 2000).  Based upon the record before it, it appears that the ordinary course of business exception may apply in this case. However, genuine issues of material fact remain are in dispute on this point and therefore, summary judgment is not proper in connection with the Defendant's affirmative defense.

## CONCLUSION

Based upon the foregoing, the Court denies both the Plaintiff's motion for summary judgment and the Defendant's motion for summary judgment.  The Court also directs the Parties to file a joint final pre-trial statement, appear at a final pre-trial conference to set a date for the trial on the complaint, and present evidence on the questions of the ordinary course of business defense and value of the property, as set forth in the corresponding order.  This constitutes the Court's findings of fact and conclusions of law.

June 27, 2006

Rutland, Vermont

Colleen A. Brown

United States Bankruptcy Judge